[See 31 Fed. 585.]

STANTON (CHAMBERLAIN v.). See Case No. 2,579.

STANTON (MITTLEBURGER v.). See Case No. 9,676.

## Case No. 13,298.

### STANTON v. SEYMOUR et al.

[5 McLean, 267.] [1]

Circuit Court, D. Michigan. June Term, 1851.

FALSE IMPRISONMENT—COLOR OF PROCESS — MATTERS OF AGGRAVATION—PLEADING.

1. An action for false imprisonment is trespass.

2. And this is the case whether the imprisonment be charged under color of process or without.

[Cited in brief in Benham v. Vernon, 5 Mackey, 19.]

3. In this action, matters of aggravation may be proved without being stated in the declaration.

4. A plea must be single.

5. It must rest the defense on a single point.

[This was an action for false imprisonment by Elijah Stanton against James Seymour and others.]

Barstow & Lockwood, for plaintiff.
Davidson & Holbrook, for defendants.

OPINION OF THE COURT. This action is brought against the defendants for false imprisonment. The declaration contains four counts. To the three first counts the defendants pleaded the general issue, not guilty. All the defendants, except Hopkins, pleaded specially as to the first three counts, and by separate special pleas sets up substantially the same defense, set up by the others. They state in their special plea, "that a warrant was regularly sued out by the defendant, James Seymour, against the plaintiff, that it was delivered to the plaintiff, and that he voluntarily gave bail with-

[1] [Reported by Hon. John McLean, Circuit Justice.]

out any arrest or imprisonment." To the fourth count all the defendants demurred. The plaintiff demurs to the special pleas, and joined in demurrer to the fourth count.

In support of the demurrer to the fourth count it is contended that, from the facts set forth in the declaration, the action should have been case, and not trespass. That the party, if at all arrested by the warrant, could not charge the defendants with force. That they are not liable to trespass while the warrant remains unsuperseded. 2 N. H. 491; 9 Bac. Abr. 463; 3 Hen. & M. 265; 5 Wend. 170–172.

The 4th count in trespass is good. It is in the proper form in an action for false imprisonment. 2 Leigh, N. P. 1431, 1437. The complaint is, for injuries done under color of legal process. This is an elementary principle, and can require no citation of authority to sustain it. In the fourth count matter is set up in aggravation; this was unnecessary, as it might have been proved without an averment of it in the declaration. The form is different from that of an action for a malicious prosecution.

The special pleas set up legal process as a justification for the imprisonment charged, and then aver, that the defendants did not arrest the plaintiff, but that he voluntarily gave bail. Here are two defenses. Justification by legal process is one; that the defendants did not arrest and imprison is another. The allegation of bail having been given by the plaintiff voluntarily, is immaterial. It is argumentative, by denying the false imprisonment which had been before denied. The plea is double. Issue could not be taken on one allegation without admitting the other. A plea in bar should confess and avoid, or else traverse the declaration. There is some uncertainty in regard to these pleas. A plea is bad, that embraces a traverse with a confession or avoidance.

The demurrer to the fourth count is overruled, and the demurrers to the special pleas are sustained.